IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

E. GEORGE MINNS

                             Plaintiff,

v.                                         Action No. 2:09–CV–283

COMMONWEALTH OF VIRGINIA, ET AL.,

                             Defendants.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Motions to Dismiss filed by Defendants Commonwealth of Virginia and Bill Mims (Dock. No. 17), Defendants Kim Crump and Melvin Height[1] (Dock. No. 20), and Defendants William Watson and Melvin Hike (Dock. No. 21). Defendants Watson and Hike alternatively seek summary judgement (Dock. No. 23). Plaintiff Ernest George Minns has also filed a Motion for Summary Judgment (Dock. No. 28). After examining the motion, the associated briefs, and the Amended Complaint, the Court finds that oral argument is unnecessary since the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court GRANTS the Motions to Dismiss filed by Crump and the Commonwealth and Mims. The Court also GRANTS Watson and

---

[1] In her motion, Crump claims also to respond for "Melvin Height," however, no individual by that name is currently part of this suit. Melvin Hike is named in the Complaint, however, he responded with his own counsel.

1

Hike's Motion for Summary Judgment. Accordingly, Minns's Motion for Summary Judgment is DENIED.

## I. BACKGROUND

The confluence of events that brings together the parties now before the Court began in June of 1996 when Plaintiff George Minns married Defendant Kim Crump. As a married couple, they obviously have not lived happily ever after.[2] Minns and Crump's marital woes began no later than May 2007 when Crump sought a protective order against Minns based on allegations that he had assaulted her at their marital home in Portsmouth, Virginia.[3] On May 22, 2007, a judge from the Portsmouth Juvenile and Domestic Relations ("J&DR") Court issued a preliminary ex parte protective order prohibiting Minns from having any contact with Crump and from entering the couple's marital home. A similar order was also entered on May 24, 2007. A June 12, 2007 order altered the previous protective orders by permitting Minns, with police present, to pick up agreed upon items from their home.

Minns now claims that following those state court orders Crump as well as Defendants Commonwealth of Virginia, its Attorney General Bill Mims, Sergeant Melvin Hike of the City of Portsmouth's Sheriff's Office, and Hike's boss, Sheriff William Watson,

---

[2] Neither the Complaint nor any of the motions definitively state whether Minns and Crump are now divorced. Minns refers to Crump as his wife (Compl. ¶ 11), but the Commonwealth's motion states that Crump is Minns's "former" spouse.

[3] Minns was found guilty of the domestic assault on April 29, 2008. (Minns Mem. in Opp. Crump Mot. to Dismiss, Ex. 2.) The court imposed a twelve month suspended sentence, five years of probation, a requirement to take an anger management course, and restitution of $860 to Crump. (Id.) The court also prohibited Minns from contacting Crump for five years. (Id.)

2

were each responsible for actions and inactions that violated Minns's constitutional rights.[4]
On June 17, 2007, Crump contacted Sergeant Hike to request that he be present at her home later that day when Minns came to get his possessions. Hike came to the home in his Sheriff's uniform and marked vehicle. As requested, Hike kept the peace while Minns loaded various boxes from the garage into a U-haul truck. (Hike Aff. ¶¶ 3-4, Dec. 17, 2009.) Sheriff Watson was never present at the home.

Later that month, on June 25, 2007, the J&DR court held a hearing resulting in the award of temporary custody of Minns and Crump's minor child to Crump and restricted visitation to Minns. Minns was not present at the hearing. Before the state appeal process was finished, Minns filed suit in July 2007 in the Norfolk Division of the Eastern District of Virginia against two judges from the J&DR court in Portsmouth, the J&DR court itself, and the Commonwealth of Virginia alleging that they violated his constitutional rights. A liberal reading of Minn's pro se complaint reveals he specifically alleged violations of his procedural and substantive due process rights, the Eighth Amendment, and his equal protection rights. Because Crump practices law in the Norfolk Division and given the nature of the allegations, Minns's suit was transferred to the Richmond Division. On March 25, 2008, this Court dismissed Minns's complaint on several grounds. Minns v. Portsmouth J&DR Court, et al., 07-CV-323, Dock. No. 20. As to Minns's allegations concerning custody and visitation, the Court ruled that it lacked subject matter jurisdiction due to the domestic relations exception to federal court jurisdiction. The Court ruled that as to the other claims

---

[4] Minns also includes in his complaint allegations against John Doe defendants who may have conspired with Crump to deprive Minns of his right to privacy. (Compl. ¶ 11.)

3

the suit was barred by the <u>Younger</u> abstention doctrine as well as sovereign and judicial immunity.

These rulings have not abated Minns's pursuit of his cause. Besides the appeals Minns says he is pursuing before the Supreme Court of Virginia in connection with two criminal issues and the J&DR custody decision (Minns Resp. to Crump Mot. to Dismiss 1-5), Minns filed the instant suit in the Norfolk Division of the Eastern District of Virginia in June of 2009. The case was again transferred to the Richmond Division. Minns has sued his former wife Crump for alleged constitutional violations related to Minns's personal belongings. (Compl. ¶ 11.) Minns has sued the Commonwealth of Virginia and Virginia Attorney General Bill Mims for violating his "legitimate and reasonable expectation of privacy in his private home." (Compl. ¶¶ 7-8.) Minns also "alleges that the Defendant State of Virginia has an unconstitutional custom, policy and practice of subjecting married men, such as [Minns] to harsh punishment before any trial on the merits of a [sic] angry wife's claim." (Compl. ¶ 22.) He further alleges the Commonwealth cruelly punished him by creating a system that issued a protective order that prevented him from entering his home. (Compl. ¶ 23.) Minns accuses Sergeant Hike of racial discrimination (Compl. ¶ 63) and of executing "an unlawful public eviction" (Compl. ¶ 10). Minns sues Watson for failing to train and keep control of Hike. (Compl. ¶ 9.)

Faced with those allegations, the Defendants have now filed motions to dismiss. Hike and Watson alternatively seek summary judgment. Not to be outdone, Minns has also filed a motion for summary judgment.

## II. LEGAL STANDARDS

**A. Motion to Dismiss**

**1. Motion to Dismiss Based on Federal Rule of Civil Procedure 12(b)(1)**

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999). On a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991); see also Evans, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, 945 F.2d at 768.

**2. Motion to Dismiss Based on Federal Rule of Civil Procedure 12(b)(6)**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint stating a claim for relief to contain a short plain statement of the claim that gives the defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Defendants police this requirement using Rule 12(b)(6), which permits a party to test the legal sufficiency of a complaint. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). A 12(b)(6) motion does not, however, "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. As a result, in resolving a 12(b)(6) motion, a court must regard all of plaintiff's well-pleaded allegations as true, Mylan Labs., Inc. v. Matkari, 7 F.3d

5

1130, 1134 (4th Cir. 1993), as well as any facts that could be proved consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). With these principles in mind, the court must ultimately ascertain whether the plaintiff has stated a "plausible, not merely speculative, claim for relief." Twombly, 550 U.S. at 555.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While Rule 8(a)(2) requires a showing, not simply a blanket assertion of "entitlement to relief," the plaintiff is not required to show that it is likely to obtain relief. Twombly, 550 U.S. at 556 n.3; Iqbal, 129 S. Ct. at 1949. In the end, if the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. Twombly, 550 U.S. at 563 n.8.

### B. Summary Judgment

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing that motion." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir.

2003) (internal quotation marks and citations omitted). In making its decision, a court must look to the affidavits or other specific facts pled to determine whether a triable issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where no genuine issue of material fact exists, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted). Mere unsupported speculation is not sufficient if the undisputed evidence indicates the other party should win as a matter of law. Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). However, summary judgment should not be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

When faced with cross-motions for summary judgment, the standard is the same as that applied to individual motions for summary judgment. The court must consider each party's motion "separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks omitted). If the court finds that there is a genuine issue of material fact, both motions must be denied. 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2720. However, "if there is no genuine issue and one or the other party is entitled to prevail as a matter of law, the court will render judgment." Id.

### III. DISCUSSION

#### A. Crump's Motion to Dismiss

Defendant Crump seeks dismissal of Minns's complaint on the grounds that (1) the complaint fails to state a claim upon which relief can be granted; (2) the court lacks

7

jurisdiction based on the Younger abstention doctrine, the Rooker-Feldman doctrine, and the domestic relations exception to federal court jurisdiction; and (3) the claims are barred by res judicata. Crump also seeks attorney's fees.

To succeed on a § 1983 claim, a plaintiff must prove three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997). Although oddly not mentioned in the motion filed by Crump, a member of the Virginia bar, it is well settled that a "person charged [under Section 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (citing Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991)) (other citations omitted). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." Id. at 507 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)). There are absolutely no allegations in Minns's Complaint that Crump is a state actor or was acting under color of state law. Thus, Crump is entitled to dismissal of the claims against her. Crump's request for an award of attorney's fees, however, is denied.

**B. Commonwealth of Virginia and Attorney General Mims's Motion to Dismiss**

The Commonwealth and Attorney General Mims assert that Minns's § 1983 suit[5] is barred by sovereign immunity, the Rooker-Feldman doctrine, the statute of limitations, and collateral estoppel. At least two of these arguments support dismissal of Minns's claims.

The Eleventh Amendment bars suits in federal court against a state or its agents. Will v. Mich. Dep't. of State Police, 491 U.S. 58, 66, 71 (1989). "The preeminent purpose of state sovereign immunity is to accord States the dignity that is consistent with their status as sovereign entities." Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 760 (2002). Since there is no indication that the Commonwealth of Virginia or its attorney general have waived their immunity here, the Commonwealth and Mims are immune from suit.[6]

Further, the exception to sovereign immunity for state officials laid out in Ex Parte Young is unavailing here. Under the Ex Parte Young doctrine, federal courts may enjoin individual state agents, acting in their official capacities, as long as the state official has a specific duty to enforce the law at issue. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 331 (4th Cir. 2001). Although Mims is the top law enforcement officer in the Commonwealth, Minns does not allege any specific duty in this case. Rather, Minns apparently alleges that Mims's general authority over Virginia's law enforcement mechanism is sufficient. The Fourth Circuit, however, has held that "[g]eneral authority to

---

[5] In his Complaint, Minns also cites 42 U.S.C. §§ 1981 and 1988. However, because this case does not involve equal contract rights, Minns does not have a claim under § 1981. Section 1988 does not create an independent cause of action and, therefore, Minns may not rely on it as a basis for maintaining this action. See Horacek v. Thone, 710 F.2d 496, 499 (8th Cir. 1983).

[6] In his response to the Commonwealth's motion, Minns concedes that the claims against the Commonwealth are barred by sovereign immunity. (Minns Mem. in Opp. Commonwealth's Mot. to Dismiss 13.)

enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." Id.

Minns suit is also barred by the Rooker-Feldman doctrine, which applies in cases, such as the instant suit, where state court losers complain of injuries caused by state court judgments rendered before the federal court proceedings commence and invite the federal court to review and reject the state court's judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Minns's Complaint makes a handful of allegations, but as to those that challenge the effect of the state court orders, his suit is barred by Rooker-Feldman.[7]

### C. Sergeant Hike and Sheriff Watson's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

Sheriff Watson seeks dismissal of Minns's complaint on the grounds that Minns has failed to state a claim against Watson upon which relief can be granted. Watson observes that there is no respondeat superior liability under § 1983 and as to any "failure to train" claim, Minns has not pled any facts on several required elements. In order to impose supervisory liability under § 1983 for failure to train subordinates, the Fourth Circuit has held a plaintiff must show that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative

---

[7] Based on the above conclusions, the Court does not address the Commonwealth's statute of limitations and collateral estoppel arguments.

causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Shroud, 13 F.3d 791, 799 (4th Cir. 1994). Here, Minns has not pled credible facts showing that Hike, Watson's subordinate, engaged in any actions that posed a "a pervasive and unreasonable risk" of constitutional injury to Minns. Therefore, Minns claims against Watson should be dismissed.

For his part, Hike requests dismissal of the claims against him based on qualified immunity.[8] Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As stated above, Minns has not made any credible showing that Hike violated Minns's constitutional rights. Crump requested Hike be present at her house in June of 2007 when Minns came to collect his possessions. The presence of law enforcement was specifically contemplated by a court order. Minns simply has not shown a constitutional violation and therefore Hike is cloaked in immunity. Additionally, Minns has provided no factual support for his allegations that Hike discriminated against Minns on the basis of race or that he violated Minns's right to due process or that Hike conspired with anyone to do the same. Based on those reasons, the suit against Watson and Hike is dismissed.

## IV. CONCLUSION

---

[8] Hike submitted an affidavit in support of his arguments and because the Court has considered that document, the Court will rule on the summary judgment motion.

For the reasons articulated above, the Court GRANTS Crump's Motion to Dismiss, GRANTS the Commonwealth and Mims's Motion to Dismiss, and GRANTS Watson and Hike's Motion for Summary Judgment. Watson and Hike's Motion to Dismiss is DENIED as MOOT. Minns's Motion for Summary Judgment is DENIED.

Let the Clerk send a copy of this opinion to Plaintiff and all counsel of record. An appropriate order will issue.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this __1st__ day of April 2010